UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LACY PATTON,

               Plaintiff,

    v.                              CAUSE NO. 3:18-cv-419 DRL-MGG

FOREST RIVER, INC.,

               Defendant.

ORDER *IN LIMINE*

Lacy Patton requests an order *in limine* forbidding Forest River from referring to his use, possession, or distribution of illegal drugs, particularly based on text exchanges contained in Exhibits 117 and 118. The court heard argument on September 10, 2020. For the following reasons, the court now denies and grants the motion in relevant part.

The motion is late. Mr. Patton offers little that would support a finding of good cause or excusable neglect for filing a motion *in limine* beyond the March 2, 2020 deadline, just the mistaken impression that an earlier motion addressed this issue. *See* Fed. R. Civ. P. 6(b)(1)(B). That said, because of the COVID-19 pandemic, this trial has been rescheduled twice to its current start date of September 28, 2020. On this record, there is no prejudice to Forest River to address this issue substantively, and indeed it will aid a more efficient trial. On that very point, the parties argued the issue of whether exhibits about drug use were admissible in the course of their proposed final pretrial order and whether an order *in limine* should issue, including under Federal Rule of Evidence 403 and 404, so there is little surprise now in that argument being recast into a motion *in limine* today.[1]

---

[1] In fairness, the proposed final pretrial order identified these exhibits as Exhibits 116 and 117 rather than Exhibits 117 and 118 (ECF 75 at 17; *but see* ECF 75 at 15).

Evidence of a crime or wrong is inadmissible to prove that a person acted in accordance with that character trait. Fed. R. Evid. 404(b)(1). Such evidence, including evidence of drug use, may be admissible for "another purpose," Fed. R. Evid. 404(b)(2), such as rebutting the alleged cause of emotional harm, *see Cobige v. City of Chicago*, 651 F.3d 780, 784-85 (7th Cir. 2011). Evidence of another stressor may provide the jury an alternative explanation for a person's emotional state.

Accordingly, federal courts often admit evidence of drug use to permit a jury to assess whether a person's emotional damage has resulted from his drug use or from what the defendant allegedly did to cause that harm. *See id.* (district court erred in barring evidence of decedent's drug use in wrongful death case to show that the decedent had less quality of life and thus less damage); *Chatham v. Parkhill*, 2013 U.S. Dist. LEXIS 156002, 3-4 (S.D. Ill. Oct. 31, 2013) (evidence of drug use admissible to rebut evidence regarding decedent's relationship with son and amount of damages). That is no less true with emotional damages claimed in employment suits. *See Walters v. Mayo Clinic Health Sys.—Eau Claire Hosp., Inc.,* 2014 U.S. Dist. LEXIS 31756, 9-10 (W.D. Wis. Mar. 12, 2014) (drug admissible on emotional damages claimed in ADA and FMLA claims); *EEOC v. Kim & Ted, Inc.*, 1996 U.S. Dist. LEXIS 586, 5-6 (N.D. Ill. Jan. 19, 1996) (evidence of drug use admissible to show emotional suffering in sexual harassment case stemmed from drug and alcohol abuse).

The court uses a four-part test to determine whether evidence of prior acts should be admitted under Federal Rule of Evidence 404(b): "(1) the evidence must be directed toward establishing something at issue other than a party's propensity to commit the act charged; (2) the other act must be similar enough and close enough in time to be relevant to the matter at issue; (3) the evidence must be such that the jury could find that the act occurred and the party in question committed it; and (4) the prejudicial effect of the evidence must not substantially outweigh its probative value." *Mathis v. Phillips Chevrolet, Inc.*, 269 F.3d 771, 775-76 (7th Cir. 2001) (quotation omitted).

At the hearing, Mr. Patton confirmed that he was claiming emotional damages from September 25, 2017—the date he began working at the Berkshire Plant after his transfer—through and after his termination on October 20, 2017. Exhibit 117 contains text messages from November 23, 2016 to February 28, 2017 in which Mr. Patton sends pictures of drug paraphernalia and drugs, including Bubblegum Kush, seeks to purchase a "dab" (THC concentrate), and remarks on January 30, 2017 that he is "stressed out . . . [l]ike to the maxxxx" and that he had seen his doctor to "up [his] medication." Exhibit 118 contains text messages from June 5, 2017 to August 19, 2017 in which Mr. Patton engages in a discussion of selling a blunt.

Evidence of Mr. Patton's drug use bears on his emotional damages. *See Cobige*, 651 F.3d at 784-85. Evidence of a drug sale seems less so. Still, at least some of Forest River's anticipated evidence is directed to another purpose within Rule 404(b)'s meaning. *See Mathis*, 269 F.3d at 775-76. The jury should be permitted to consider relevant drug use vis-à-vis the emotional damages claim here. After all, an "award for nonpecuniary loss can be supported, in certain circumstances, solely by a plaintiff's testimony about his or her emotional distress," *Tullis v. Townley Eng'g & Mfg. Co.*, 243 F.3d 1058, 1068 (7th Cir. 2001), and ultimately juries are responsible for "evaluating the credibility of witnesses who testify to emotional distress," *Gracia v. SigmaTron Int'l, Inc.*, 842 F.3d 1010, 1022 (7th Cir. 2016).

Whether the evidence is similar enough and close enough in time to prove relevant at trial the court cannot say on this record. *See Mathis*, 269 F.3d at 775-76. That must await a trial. Suffice to say, an order *in limine* may exclude only clearly inadmissible evidence—inadmissible on all potential grounds—else evidentiary rulings should await questions of foundation, relevancy, potential prejudice, and other context. *See Dartey v. Ford Motor Co.*, 104 F. Supp.2d 1017, 1020 (N.D. Ind. 2000) (Lee, J.). Today, Forest River has a good faith basis to inquire into Mr. Patton's drug use. Forest River will have its opportunity to lay a foundation and link its evidence close enough to the relevant period of emotional harm as to be admissible. If true, Mr. Patton may admit he used drugs during the relevant

3

period and obviate the need to introduce any exhibits. He may claim only prior use and leave Forest River to argue then that his cessation of drug use no longer has the calming effect he claims it once did. For a number of reasons, the evidence may prove relevant. Only the context of trial will tell.

Mr. Patton hasn't explained why the evidence precludes a jury from finding that the act occurred and that Mr. Patton committed it. *See Mathis*, 269 F.3d at 775-76. And evidence of drug use, if properly linked, is not so unfairly prejudicial as to substantially outweigh its probative value here. *See Cobige*, 651 F.3d at 784-85. Any prejudice isn't "unfair." *See id.*; Fed. R. Evid. 403. The probative value of drug use on the subject of emotional damages is likewise high.

That said, the photographs of drugs and drug paraphernalia add no probative value to Forest River's position and instead would be unfairly prejudicial to Mr. Patton. *See Mathis*, 269 F.3d at 775-76; Fed. R. Evid. 403, 404(b). In addition, evidence of drug distribution has minimal, if any, probative value on the subject of emotional damages, and the unfair prejudice of its presentation to the jury substantially outweighs any tendency to discredit the emotional damages claim. Of course, Forest River may inquire whether Mr. Patton possessed or used drugs, even possessed them on June 16, 2017, but not that he sold or distributed them. The court grants the motion *in limine* only in these limited respects. Because this order, as with all orders *in limine*, remains preliminary, *see United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989), the parties may revisit this order outside the jury's presence if Mr. Patton opens the door based on his testimony at trial.

CONCLUSION

The court accordingly DENIES Lacy Patton's second motion *in limine* (ECF 77), except that the court GRANTS the request only to exclude evidence of drug distribution and any photographs of drugs or drug paraphernalia and ORDERS Forest River not to offer at trial testimony, evidence, or argument concerning Mr. Patton's drug distribution or photographs of drugs or drug paraphernalia.

SO ORDERED.

September 16, 2020

_s/ Damon R. Leichty_
Judge, United States District Court